FILED

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

SEP 20 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| RANBIR KAUR BRAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:12cv1062 |
| ) | AJT/JFA |
| JANET NEPOLITANO, ) | |
| Secretary, U.S. Department of ) | |
| Homeland Security ) | |
| ) | |
| ALEJANDRO MAYORKAS, ) | |
| Director, U.S. Citizenship & ) | |
| Immigration Services ) | |
| ) | |
| KIMBERLY J. ZANOTTI, ) | |
| District Director, U.S. Citizenship & ) | |
| Immigration Services ) | |
| ) | |
| ROBERT S. MUELLER III, ) | |
| Director, Federal Bureau of ) | |
| Investigation ) | |
| ) | |
| AND ) | |
| ) | |
| ERIC HIMPTON HOLDER, JR., ) | |
| Attorney General, Office of the ) | |
| Attorney General, U.S. Department of ) | |
| Justice ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT FOR WRIT OF MANDAMUS

Plaintiff Ranbir Kaur Brar (hereinafter "Brar" or "Plaintiff"), by and through the undersigned counsel, hereby states as follows:

Law Offices of Lewis & Associates, P.C.
6066 Leesburg Pike, Fourth Floor – Falls Church, VA 22041
Telephone: (703) 912-3100
Fax: (703) 425-6300

## NATURE OF CASE

1. This action is filed pursuant to 28 U.S.C. § 1361, and the Administrative Procedures Act, 5 U.S.C. § 701 et seq., seeking judicial review and the issuance of a writ of mandamus regarding the adjudication of Brar's Form I-130, Immigrant Petition for Alien Worker filed on behalf of her husband Harjot Singh Nagra (hereinafter "I-130 Petition"), due to the Defendants' failure to adjudicate the I-130 Petition, which has been pending for over six hundred and forty-five (645) days. This action is brought to compel the Defendants and those acting under them to take action on the I-130 Petition in order for the Plaintiff's husband to ultimately become a lawful permanent resident of the United States.

## PARTIES

2. Plaintiff is a resident of Ashburn, Virginia, and submitted the I-130 Petition to December 14, 2010 which names her as the petitioner and her husband, Harjot Singh Nagra, as the beneficiary.

3. Defendant Janet Nepolitano is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against her in her official capacity. Defendant Nepolitano is responsible for the enforcement of the Immigration and Nationality Act and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and United States Citizenship and Immigration Services (hereinafter "USCIS") pursuant to 8 U.S.C. § 1103(a); 8C.F.R. § 2.1.

4. Defendant Alejandro Mayorkas is the Director of the USCIS; he is an official generally charged with supervisory authority over all operations of USCIS under 8. C.F.R. §103.1. This

2

action is filed against him in his official capacity. Defendant Mayorkas has failed to adequately supervise the relevant Washington District Office to timely adjudicate the Plaintiff's Petition.

5. Defendant Kimberly Zanotti is the District Director of the USCIS Washington District Office and is generally entrusted with the overall supervision, management, and operation of the Washington District Office pursuant to 8 C.F.R. §103.1. This action is filed against her in her official capacity. The Plaintiff's Petition is pending final adjudication at the USCIS Washington Field Office.

6. Defendant Robert S. Mueller, III is the Director of the Federal Bureau of Investigations (hereinafter the "FBI"). This action is filed against him in his official capacity. As Director, he is entrusted with overall supervision of conducting criminal record and background checks for DHS and USCIS.

7. Defendant Eric Himpton Holder is the Attorney General of the United States, he is an official generally charged with supervisory authority over all the operations of the Department of Justice (hereinafter "DOJ") under 8 C.F.R. § 103.1. This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

8. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, 1361, and 2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.*, as Plaintiff seeks judicial review of the inaction of Defendant and its agents.

3

9. Venue is proper in the District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1391(e), in that one or more of the Defendants are located in this district and this is the district in which Brar resides. No real property is involved in this action.

## EXHAUSTION OF REMEDIES

10. Brar's I-130 Petition was received by USCIS, and has been pending, since December 14, 2010.

11. Brar has supplied the USCIS with documents that establish her husband's eligibility for an immigrant visa.

12. Brar has repeatedly requested that the Defendants make a final decision on her pending petition filed on behalf of her husband.

13. To date USCIS has refused to adjudicate the I-130 Petition, and Brar has exhausted her administrative remedies.

## CAUSE OF ACTION

14. Plaintiff Brar is a native and a citizen of the United States by birth. She was born in Fairfax City, in the Commonwealth of Virginia and has resided in the United States since the time of her birth.

15. Plaintiff filed the I-130 Petition which was received by the USCIS on December 14, 2010 [EXHIBIT 1].

16. The average time for the USCIS to process an I-130 Petition at the time of filing and until present date is approximately 5 months from the date of receipt of the petition [EXHIBIT 2].

17. On September 07, 2011, approximately 10 months after receipt of the I-130 Petition by the USCIS, Plaintiff's counsel contacted the USCIS to obtain a status update since no decision

had been made at that time. The USCIS acknowledged that the case was outside routine processing time and provided confirmation of the same via written correspondence dated September 29, 2011, and post-marked September 30, 2011 **[EXHIBIT 3]**. The correspondence assured that the delay was due to a heavy case volume and that a decision would be made within 120 days from the date of the correspondence.

18. Plaintiff's counsel received another written notice dated September 28, 2011, but post-marked October 30, 2011 acknowledging the contact from counsel's office requesting a status update on September 07, 2011, but further instructing the Plaintiff that "it has been determined that your issues will be best addressed by the USCIS office having jurisdiction over your case. Therefore, we have taken the liberty of forwarding your service request to the Washington Field Office." **[EXHIBIT 4]**.

19. On September 30, 2011, Plaintiff sought congressional assistance in adjudicating the I-130 Petition through the office of Senator Jim Webb and Congressman Jim Moran **[EXHIBIT 5]**. On or around the same time, Plaintiff also filed a similar request for assistance with Congressman Frank Wolf's office.

20. On or around October 11, 2011, Plaintiff was notified by Congressman Wolf's office that an I-130 interview would be scheduled within 45 days from that date **[EXHIBIT 6]**.

21. On November 28, 2011, Plaintiff's counsel contacted the USCIS again to inquire about the excessive delay and to persuade the USCIS to make a final decision on the I-130. The USCIS assured counsel that a decision would be made within the next 5 business days from that date. Plaintiff's counsel memorialized the same via written correspondence to the USCIS **[EXHIBIT 7]**.

22. On December 20, 2011 Plaintiff's counsel appeared at an InfoPass appointment at the Washington Filed Office and was given the assurance a that a service requested had been generated and a final decision on the I-130 Petition would be made in the near future **[EXHIBIT 8]**.

23. On January 03, 2012 Plaintiff appeared for an InfoPass appointment at the Washington Field Office and was notified that the I-130 Petition would be adjudicated within the near future **[EXHIBIT 9]**. The Plaintiff appeared for a follow-up InfoPass appointment on February 23, 2012 **[EXHIBIT 10]** and was provided the same response and reassurance as during the previous InfoPass appointment.

24. On March 16, 2012, while appearing at yet another follow-up InfoPass appointment, Plaintiff was able to speak with Officer Crandle who conducted an I-130 Petition interview. During the course of the interview Officer Crandle asked routine and non-routine questions and advised Plaintiff that a decision would be issued shortly.

25. Plaintiff's I-130 Petition remains un-adjudicated for 645 days as of the date of this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that:

    a. the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Brar's I-130 Petition;

    b. In the alternative, that the Court enter an order compelling the Defendants, and those acting under them, to perform their duty to adjudicate Brar's I-130 Petition immediately;

Law Offices of Lewis & Associates, P.C.
6066 Leesburg Pike, Fourth Floor – Falls Church, VA 22041
Telephone: (703) 912-3100
Fax: (703) 425-6300

c. That the Court award Brar her costs and reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504; and

d. That this Court grant such other and further relief as this Court deems proper under the circumstances.

                Respectfully Submitted,

_/s/ Alfredo Acin_
Alfredo Acin (VSB # 76445)
Counsel for Plaintiff Ranbir Kaur Brar
Law Offices of Lewis & Associates, P.C.
6066 Leesburg Pike, Fourth Floor
Falls Church, VA 22041
Ph: 703-912-3100
Facsimile: 703-425-6300
Email: aacin@lewisatlaw.com